## PITKIN–HOLDSWORTH WORSTED CO. v. MEISLIN.

(District Court, E. D. New York. December 12, 1918.)

SALES ⊂⊃89—CONTRACT—MODIFICATION.

Defendant *held* on the evidence not to have agreed to a modification as to price of a contract for yarn to be manufactured for him by plaintiff.

At Law. Action by the Pitkin-Holdsworth Worsted Company against Aaron Meislin, doing business under the trade-name of the Chester Knitting Works. Trial by court, and judgment for plaintiff.

Frederick S. Duncan, of New York City, for plaintiff.

Maurice Kaufman, of Brooklyn (Jacob L. Holtzmann, of New York City, of counsel), for defendant.

GARVIN, District Judge. The action has been tried by the court without a jury, by consent. Plaintiff and defendant made two contracts, which will be known as the contract of February 19, 1915, and the contract of February 20, 1915, respectively. The contract of February 19th provided for the sale by plaintiff to defendant of 5,-000 pounds of yarn at 93½ cents per pound. The contract of February 20th was for 5,000 pounds of yarn of a different weight at 97½ cents per pound.

On March 16, 1916, plaintiff wrote defendant the following letter:

"The Pitkin-Holdsworth Worsted Co.,

"Manufacturers of Worsted Yarns.

"Passaic, N. J., Mar. 16, 1916.

"Chester Knitting Works, Brooklyn, N. Y.—Dear Sir: After having talked with you on the telephone this morning, we went very carefully into the matters connected with your contract with us, and at the present writing we have little to say that is different from what we have already said in our numerous letters to you. We refer you first to the letters written under dates of Sept. 17 and 23, 1915; particularly do we call your attention to our letter of Sept. 23d. Your contract was placed with us Feb. 19, 1915, for 5,000 pounds of yarn. As far back as Aug. 10 and 19, 1915, we advised you to specify against this contract, which you did not do until dyeing conditions got worse. Since the date your contract was entered, Feb. 19, 1915, the price of dyeing Navy has advanced to 22 cents. We saw these conditions coming and for that reason urged instructions from you. Inasmuch as the war has caused these rapid advances and has placed us in a most unusual position, we are not now disposed to supply your yarn at a time when there would be so great a loss to us, as we are absolutely not to blame.

"The proposition we now make to you is to some extent stated in our letter of Sept. 17th, the difference being that to-day you will have to pay 17 cents per pound additional; in other words, if you will pay us $1.10 per pound for 2/18's dyed yarn we will ship you the balance of this contract of Feb. 19, 1915, as quickly as possible. The yarn is actually worth $1.25 per pound dyed, and you are therefore saving 15¢ on every pound. In writing you this way we wish you to understand we are not making any unusual requests, as other customers of ours have volunteered willingly to pay the advanced charge for dyeing.

"Upon carefully considering this subject we feel sure that you will instruct us to make delivery to you on this basis.

"Very truly yours,    The Pitkin-Holdsworth Worsted Co.,

"P/D.    [Signed] H. L. Pitkin, Treasurer."

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

To which on March 17, 1916, defendant made the following reply:

"Chester Knitting Works,

"Manufacturers of a Complete Line of Sweater Coats,

"88–92 Junius Street.

"All orders accepted subject to our ability to get yarns dyed, and also to advance in price if cost of dyeing increases.

"Brooklyn, N. Y., Mar. 17, '16.

"Pitkin-Holdsworth Worsted Co., Passaic, New Jersey—Gentlemen: We are in receipt of your letter of the 16th inst., the contents of which surprises us very much, for you are entirely unjustified in your statements. The fact is that we have some yarn specified as far back as April, which has not been delivered to date. Furthermore, upon looking up our specifications given to the end of August, we find there is quite some yarn undelivered. So you can readily see that we were justified in not sending in additional specifications, when we did not receive that which we had specified.

"You will also recall that it was not the fault of the dye conditions that we did not receive our yarn, for the yarn had not even been sent to the dyers. We called up your dyers several times and they never had any order for us from you. So the fact is that you did not have the yarn to be dyed. However, we will not argue over this now, as we have decided to compromise with you, not because you are right, but because we realize the position you are in and are willing to meet you part way.

"We have four thousand pounds still on order with you and would agree to take this in at $1.05, half in 2/30 and half in 2/20, as per the following specifications:

1000 lb. 2/30 Maroon
1000 " " Cardinal
1600 " 2/20 Maroon
400 " " Cardinal

"We believe this proposition will meet with your entire satisfaction and would ask you to confirm same by return mail.

"We would at the same time inquire whether you would accept an additional order from us for five thousand pounds of worsted 2/30 in maroon and cardinal at $1.25 per pound, also a few thousand pounds in either light or dark Oxford.

"We would appreciate the courtesy of a prompt response, as we would like to know whether or not you are in a position to accept this additional order.

"Thanking you in advance for the courtesy, we beg to remain very respectfully yours,

"AM/RP                                                    Chester Knitting Works.

"P. S.—We trust that upon receipt of this letter you will make a prompt shipment to the dyers against our old order, which we assure you will be appreciated."

On March 18, 1916, plaintiff wrote defendant the following letter:

"The Pitkin-Holdsworth Worsted Co.,

"Manufacturers of Worsted Yarns.

"Passaic, N. J., March 18, 1916.

"Chester Knitting Works, Brooklyn, N. Y.—Dear Sirs: In reply to yours of the 17th: We are sorry you did not appreciate the offer we made you was very much to your advantage to accept, and we do not now change our ideas. In fact, even since writing you the price of dyeing has advanced 2¢ pr lb. If you care for us to proceed making yarns for you on basis of $1.10 pr lb., for 2/18's and 2/20's, and 4¢ pr lb. additional for 2/28's, 5¢ pr lb. additional for 2/30's, although we would state that it will be impossible for us to make any 2/28's or 2/30's yarn for a long while, we upon hearing from you will proceed to make the yarn. All yarns to be billed at dyer's weights, and accepted by you at said weights.

"Regarding a new order: We are not at the present moment accepting orders from any one, as we have all the business we can take care of for the next five months.

"Yours truly,                    The Pitkin-Holdsworth Worsted Co.,
"HLP/C                              [Signed]  H. L. Pitkin, Treasurer."

These letters refer only to the contract of February 19th, and do not indicate an intention on the part of defendant to modify the terms of the contract of February 20th.  His conduct throughout, on the contrary, shows that he at all times insisted that plaintiff must carry out the latter contract according to its terms, for on March 21, 1918, plaintiff sent him a printed form of contract, which he was asked to sign and return, and which contained: "Above specifications completes all the orders for your account."  If defendant had signed as requested, this might have been construed as a cancellation of the second order.  He refused, and distinctly stated that it was not at all satisfactory.

It is true that some time later he made a payment on account of shipments under the second contract at the increased price; but it is claimed that this was by inadvertence, and there is not sufficient proof to indicate that he thereby intended to modify the terms of the contract in question.

It has been stipulated that, if the court finds that the second contract was modified, there is due plaintiff $3,249.93.  If there was no modification, there is due $2,441.44.  The latter sum was tendered before suit was begun.

Judgment will therefore be entered against defendant for $2,441.44, without interest, and without costs.